Turley, J.
delivered the opinion of the court.
On the 19th day of June, 1839, Samuel G. Chester executed a deed of trust on a house and lot in Jonesborough, Washington county, East Tennessee, and on several negro slaves to secure Samuel Greer and Jacob Hartsell from loss which might arise from their responsibility as his endorsers on a note in the Branch Bank of the State of Tennessee, at Rogersville, for the sum of six thousand five hundred dollars. On the date of the 11th of March, 1841, the amount of this note was reduced by previous payments to the sum of three thousand eight hundred and fifty dollars, for which amount Chester then executed his note with the same endorsers, and having died before the same was paid, it was taken up by them. Subsequently to the execution of the deed of trust of June the 19th, 1830, Chester being pressed by calls upon his note of that date falling due in Bank, and by other creditors, negotiated a loan with the Branch of the Union Bank of the State of Tennessee, at Knoxville, for which he executed his note with the complainants, Greer and Hartsell, his endorsers, and also a loan with the Rail Road Bank at Knoxville, for which he executed his note with Greer, Embree and Bayless his endorsers. Chester having died with • *78 out discharging these notes, judgments thereon were afterwards rendered against his endorsers, viz: against Greer and Hartsell in favor of the Union Bank, on the 28th day of June, 1842, for the sum of two thousand one hundred and twenty-five dollars, and against Greer, Embree and Bayless in favor of the Rail Road Bank, on the 25th of October, 1842, for the sum of one thousand seven hundred and one dollars seventy-three cents.
It appears from the proof, that at the times these loans were contracted with the Banks at Knoxville, Chester spoke of the fact of his note falling due in the Bank at Rogersville, and of the necessity he was under of borrowing money out of the Banks in Knoxville to enable him to meet the calls. It is also to be inferred that a portion of the money thus borrowed, was appropriated to the partial payment of the note at Rogersville, but what amount is vague and uncertain. There is no proof that the liability of the endorsers of the notes discounted by the Banks at Knoxville was incurred, upon faith in the security of the deed of trust previously executed by Chester, or with any agreement, or even expectation, that the property therein specified should be charged with these responsibilities. Indeed Em-bree and Bayless, two of the endorsers in the Rail Road Bank, are not parties to the deed of trust.
Chester having died, his widow claims dower in the house and lot in Jonesborough, conveyed in the deed of trust; contending that, as against her, the property conveyed in the deed is only chargeable with the sum of three thousand eight hundred and fifty dollars, the amount due at her husband’s death, upon the note in Bank at Rogersville, and asking of the court that this charge be paid out of the personal property in the deed of trust, and that the house and lot be left, so far as her interest is concerned, unincumbered thereby. This is resisted, upon the ground, that the complainants being liable upon their endorsements in the Banks at Knoxville for sums, a portion of which went to the extinguishment of the debt at Rogersville, as far as it was extinguished are entitled to have at least thus much of those liabilities tacked to the deed of trust, and still hold all the property therein specified, both real and personal, liable to the full amount for which it was originally pledged, viz: $6,500,
*79 There is no legal ground, whatever, upon which any portion of the liabilities arising out of those endorsements at Knoxville can be made a charge upon this property, as against the widow’s right to dower in the house and lot. We do not deem it necessary to enter into an investigation of the doctrine of tacking, with a view of ascertaining where it may be allowed and where it may not. It is sufficient in this case, that whén the widow’s right to dower accrued, to wit, upon the death of her husband, the complainants had no claim which could, under any circumstances, be tacked to the security in trust, because there was not then any debt or advancement on their part, by which Chester could be charged. There was a liability as security, and nothing more. It need not be argued to prove that there must be a new debt or advancement before there can be a pre-tence for tacking.' And we apprehend that no one will deny, that if Chester had not died, and had proposed to redeem the mortgaged property before his endorsers had been made responsible upon their endorsements in the Banks at Knoxville, they could not possibly have tacked the sums for which they were thus responsible to the deed of trust; indeed the idea ■would be preposterous; to the attempt, the answer would be, you have paid nothing, you have advanced nothing, and there is, therefore, nothing to tack.
We are, therefore, of the opinion, that as against Mrs. Chester’s right to dower, there is no charge upon the property specified in the deed of trust, but the amount of debt due on the note in Bank at Rogersville at the date of Chester’s death; that after the payment thereof, if the house and lot be left, she is entitled to dower therein, and that the other property in the deed be first made liable therefor.
Decree accordingly.